```
UNITED STATES  DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
--------------------------x          19-CR-95(BKS)
UNITED STATES OF AMERICA,

vs.
                                     Rochester, New York
JARED MARC BROWN,                    May 17, 2022
            Defendant.               1:38 p.m.
--------------------------x
```

**PLEA HEARING**

```
                    TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE BRENDA K. SANNES
                 UNITED STATES DISTRICT JUDGE




                    TRINI E. ROSS, ESQ.
                    United States Attorney
                    BY:  JOHN J. FIELD, AUSA
                    BY:  KATELYN M. HARTFORD, AUSA
                    100 State Street
                    Suite 500
                    Rochester, New York 14614

FOR DEFENDANT:      SCOTT M. GREEN, ESQ.
                    2590 Brighton Henrietta TL Road
                    Rochester, New York 14623




COURT REPORTER:     Diane S. Martens
                    dmartensreporter@gmail.com
```

U.S. v. Brown - 19-CR-95

**P R O C E E D I N G S**

\*            \*            \*

(**WHEREUPON**, the defendant is present.)

1:38PM   **THE CLERK:**  We are back on the record in United
States v. Jared Marc Brown, 19-CR-95.

All counsel are present and the defendant is present.

**THE COURT:**  Okay.  And maybe, Mr. Green, you can update
us.

1:38PM   **MR. GREEN:**  Thank you, Judge.

I want to say approximately at 12:45, I was contacted by
the Marshals who informed me that my client had wounded
himself with a plastic cup.  I then -- I was still in the
building -- came up a few minutes later, and spoke to
1:38PM   Mr. Brown.

Mr. Brown has expressed to me that he wishes to plead
guilty to the indictment.  I spoke to him concerning where we
are, at what stage we are at this particular trial, that he's
not required to do so, that it's his personal choice.

1:39PM   There were medics who were here who saw to him.  When I
spoke to Mr. Brown after learning about the injury, he
appeared to be calm, intent on entering a plea of guilty.

One of his concerns was staying in Monroe County, as
well, too, overnight.  But after observing him for the last
1:39PM   two days, we're -- and, again, I can't speak to being an

U.S. v. Brown - 19-CR-95

1:39PM  1    expert on Mr. Brown.  Prior to starting trial on Monday, I

2    had only seen him in person one time before and that's before

3    the court.  But over the last two days, he has been a perfect

4    gentleman to me.  In fact, I've complimented him a couple of

1:40PM  5    times to indicate how well he comported himself before the

6    Court.

7         But at this particular time, Mr. Brown wants to enter a

8    plea of guilty.  I personally don't see any reason to prevent

9    him from a colloquy.  Of course, the Court must be satisfied

1:40PM  10   that this is a knowing and intelligent plea.  But at this

11   point in time, that is Mr. Brown's desire.

12        **THE COURT:**  Okay.  And, so, does Mr. Brown seek to plead

13   guilty to the entire superseding indictment, the seven

14   counts?

1:40PM  15        **MR. GREEN:**  Yes, Judge.

16        And the Court may recall when we were here together some

17   months ago, it was Mr. Brown's intent to plead guilty to the

18   entire indictment without a plea agreement and the government

19   had prepared a so-called Pimentel letter for that purpose.

1:40PM  20   So that's my long-winded answer to say, yes, he intends to

21   plea to the entire indictment.

22        **THE COURT:**  Okay.  And let me just ask:  Mr. Brown, I --

23   well, let me do this first.

24        Mr. Brown, before I accept your guilty plea, I'm going

1:41PM  25   to ask you some questions so that I'm satisfied you wish to

U.S. v. Brown - 19-CR-95

1:41PM  1    plead guilty because you are guilty and not for some other

2    reason, and also establish that you understand your rights

3    and the rights you'll be giving up by pleading guilty.

4        If you don't understand any of my questions, or if you

1:41PM  5    want to consult with Mr. Green at any time for any reason,

6    just let me know and I'll give you as much time as you need

7    because it's important you understand each question before

8    you answer.

9        And at this point I'll ask my courtroom deputy to please

1:41PM  10   swear in the defendant.

11       (WHEREUPON, defendant duly sworn.)

12       **THE COURT:**  Okay.  And, Mr. Brown, you're now under oath

13   which means if you answer any of my questions falsely, your

14   answers could be used later to prosecute you for the separate

1:42PM  15   crimes of perjury or making a false statement.

16       Do you understand that?

17       **THE DEFENDANT:**  Yes.

18       **THE COURT:**  Can you tell me your full name.

19       **THE DEFENDANT:**  Jared Marc Brown.

1:42PM  20       **THE COURT:**  And how old are you, Mr. Brown?

21       **THE DEFENDANT:**  25.

22       **THE COURT:**  How far did you go in school?

23       **THE DEFENDANT:**  Ninth grade.

24       **THE COURT:**  And what work did you do before you became

1:42PM  25   incarcerated?

U.S. v. Brown - 19-CR-95

1:42PM  1       **THE DEFENDANT:**  Kentucky Fried Chicken.

2       **THE COURT:**  How long did you work there?

3       **THE DEFENDANT:**  A couple months.

4       **THE COURT:**  And other than the periods of incarceration,

1:42PM  5  were you ever hospitalized for any mental illness?

6       **THE DEFENDANT:**  No.

7       **THE COURT:**  And right now are you under the care of a

8  doctor or psychiatrist?

9       **THE DEFENDANT:**  No.

1:43PM  10      **THE COURT:**  Have you ever been treated or hospitalized

11  for any kind of addiction including drug or alcohol

12  addiction?

13      **THE DEFENDANT:**  Yes.

14      **THE COURT:**  And can you describe what hospitalization

1:43PM  15  you've had?

16      **THE DEFENDANT:**  I've had a inpatient and outpatient on

17  the streets.

18      **THE COURT:**  And I didn't hear what you last said.

19  Inpatient/outpatient what?

1:43PM  20      **THE DEFENDANT:**  On the streets.  On the outside.

21      **THE COURT:**  How long -- was that for drug or alcohol

22  addiction?

23      **THE DEFENDANT:**  Drug.

24      **THE COURT:**  And what kind of drug?

1:43PM  25      **THE DEFENDANT:**  Everything.

U.S. v. Brown - 19-CR-95

| | | |
|---|---|---|
| 1:43PM | 1 | **THE COURT:** I'm sorry? |
| | 2 | **THE DEFENDANT:** Everything. A lot of stuff. |
| | 3 | **THE COURT:** Okay. How long ago was that? |
| | 4 | **THE DEFENDANT:** Last one was like 2016. |
| 1:43PM | 5 | **THE COURT:** Okay. Have you taken any drugs or any |
| | 6 | medicine or any pills in the past two days? |
| | 7 | **THE DEFENDANT:** No, your Honor. |
| | 8 | **THE COURT:** And have you drunk any alcoholic beverages |
| | 9 | in the past two days? |
| 1:43PM | 10 | **THE DEFENDANT:** No. |
| | 11 | **THE COURT:** And -- |
| | 12 | **MR. GREEN:** Judge, could I just consult with Mr. Brown? |
| | 13 | **THE COURT:** Yes. |
| | 14 | (WHEREUPON, a discussion was held off the record.) |
| 1:44PM | 15 | **THE COURT:** I understand over the lunch break you |
| | 16 | injured yourself? |
| | 17 | **THE DEFENDANT:** Yes, your Honor. |
| | 18 | **THE COURT:** Can you tell me what you did? |
| | 19 | **THE DEFENDANT:** I used a piece of plastic and I cut |
| 1:44PM | 20 | myself. |
| | 21 | **THE COURT:** And where did you cut yourself? |
| | 22 | **THE DEFENDANT:** In the crook of my arm (indicating). |
| | 23 | **THE COURT:** And did you also insert something in your |
| | 24 | penis? |
| 1:44PM | 25 | **THE DEFENDANT:** Yes, your Honor. |

U.S. v. Brown - 19-CR-95

1:44PM  1         THE COURT:  What was that?

        2         THE DEFENDANT:  A piece of plastic.

        3         THE COURT:  Okay.  And as you sit here right now, are

        4    you in any pain?

1:44PM  5         THE DEFENDANT:  No, your Honor.

        6         THE COURT:  Are you -- as you sit here today, is your

        7    mind clear?

        8         THE DEFENDANT:  Yes.

        9         THE COURT:  And do you understand what's happening

1:44PM 10    today?

       11         THE DEFENDANT:  I do.

       12         THE COURT:  Okay.  Have you spoken with your attorney

       13    about your decision to plead guilty today?

       14         THE DEFENDANT:  Yes.

1:45PM 15         THE COURT:  Okay.  And let me ask Mr. Green.

       16         In your opinion right now as we take this plea, is

       17    Mr. Brown capable of understanding the nature of this

       18    proceeding?

       19         MR. GREEN:  I believe so, yes.

1:45PM 20         THE COURT:  And, in your opinion, does he understand the

       21    rights that he'll be waiving by pleading guilty?

       22         MR. GREEN:  Yes.  And to note, we've gone over those

       23    rights many times in the past, too.

       24         THE COURT:  And have you seen anything to indicate that

1:45PM 25    whatever he did to himself over the lunch break is

8

U.S. v. Brown - 19-CR-95

1:45PM  1  interfering with his ability to think clearly?

2  **MR. GREEN:**  No, your Honor.  I think Mr. Brown seems to

3  understand what's going on right now.

4  **THE COURT:**  Okay.  And let me ask the government.

1:45PM  5  Does government counsel have any doubt as to the

6  defendant's competence to plead guilty at this time?

7  **MR. FIELD:**  The government has no basis to hold a

8  position one way or the other, your Honor, but I've not

9  learned anything specifically that would cause any concerns.

1:46PM  10  **THE COURT:**  Okay.  On the basis of Mr. Brown's responses

11  to my questions and my observations of his demeanor in

12  court -- and I have reviewed all of the psychological

13  evaluations in this case.  All of the persons who evaluated

14  you determined that you were competent to stand trial.

1:46PM  15  So, taking those, also, into consideration, the

16  representations of counsel, I do find that Mr. Brown is fully

17  competent to enter an informed plea of guilty at this time.

18  Mr. Brown, have you received a copy of the superseding

19  indictment containing the charges against you?

1:46PM  20  **THE DEFENDANT:**  Yes.

21  **THE COURT:**  And have you read the superseding

22  indictment?

23  **THE DEFENDANT:**  Yes.

24  **THE COURT:**  Have you had enough time to fully discuss

1:46PM  25  with Mr. Green the charges to which you intend to plead

U.S. v. Brown - 19-CR-95

1:46PM   1   guilty and any possible defenses to those charges?

2        **THE DEFENDANT:**  Yes, your Honor.

3        **THE COURT:**  Has Mr. Green advised you of your rights?

4        **THE DEFENDANT:**  Yes.

1:46PM   5   **THE COURT:**  And has he explained the consequences of

6    entering a plea of guilty?

7        **THE DEFENDANT:**  Yes.

8        **THE COURT:**  Is there anything you would like to ask the

9    Court about this proceeding?

1:47PM  10   **THE DEFENDANT:**  No, your Honor.

11       **THE COURT:**  Are you fully satisfied with Mr. Green's

12   representation?

13       **THE DEFENDANT:**  Yes.

14       **THE COURT:**  And, Mr. Brown, I'm now going to explain

1:47PM  15   certain Constitutional rights that you have.  These are the

16   rights that you will be giving up if you enter a plea of

17   guilty.

18       Please listen carefully to what I'm about to say.  And

19   if you don't understand something, stop me and your lawyer or

1:47PM  20   I will explain the matter more fully.

21       Under the Constitution and laws of the United States,

22   you have a right to plead not guilty to the charges in the

23   superseding indictment.

24       Do you understand that?

1:47PM  25   **THE DEFENDANT:**  Yes.

U.S. v. Brown - 19-CR-95

1:47PM    1       **THE COURT:**  If you did plead not guilty, you would be

          2    entitled to a speedy and public trial by a jury on the

          3    charges contained in that indictment; do you understand that?

          4       **THE DEFENDANT:**  Yes.

1:47PM    5       **THE COURT:**  At trial, you are presumed to be innocent

          6    and the government would be required to prove you guilty by

          7    competent evidence beyond a reasonable doubt before you could

          8    be found guilty; do you understand that?

          9       **THE DEFENDANT:**  Yes.

1:48PM   10       **THE COURT:**  A jury of 12 people would have to agree

         11    unanimously that you were guilty and you would not have to

         12    prove that you were innocent if you were to go to trial.

         13       Do you understand that?

         14       **THE DEFENDANT:**  Yes.

1:48PM   15       **THE COURT:**  At that trial and at every stage of your

         16    case, you would be entitled to be represented by a lawyer.

         17    And if you could not afford a lawyer, one would be appointed

         18    at public expense free of cost to represent you.

         19       Do you understand that?

1:48PM   20       **THE DEFENDANT:**  Yes.

         21       **THE COURT:**  During a trial, the witnesses for the

         22    government would have to come to court and testify in your

         23    presence.  Your lawyer could cross-examine the witnesses for

         24    the government, object to evidence offered by the government,

1:48PM   25    and offer evidence on your own behalf, if you so desired.

U.S. v. Brown - 19-CR-95

1:48PM   1   And you would have the right to have subpoenas issued or

2   other process used to compel witnesses to testify in your

3   defense.

4        Do you understand that?

1:48PM   5        **THE DEFENDANT:**  Yes.

6        **THE COURT:**  At a trial, although you would have the

7   right to testify, if you chose to do so, you would also have

8   the right not to testify.  And if you decided not to testify,

9   no one, including the jury, could draw any inference or

1:48PM   10   suggestion of guilt from the fact that you did not testify.

11        Do you understand that?

12        **THE DEFENDANT:**  Yes.

13        **THE COURT:**  Even now as you're entering this plea, you

14   have the right to change your mind and plead not guilty and

1:49PM   15   go to trial on the charges contained in the superseding

16   indictment.

17        Do you understand that?

18        **THE DEFENDANT:**  Yes.

19        **THE COURT:**  If you plead guilty and if I accept your

1:49PM   20   plea, you will give up your right to a trial and other rights

21   I've just discussed -- other than the right to a lawyer which

22   you have regardless of whether or not you plead guilty -- but

23   there will be no trial, no remaining trial.  And I will enter

24   a judgment of guilty and sentence on the basis of your plea

1:49PM   25   after I've considered a presentence report and whatever

U.S. v. Brown - 19-CR-95

1:49PM   1   submissions I get from your lawyer and from the government.

2   Do you understand that?

3   **THE DEFENDANT:**  Yes.

4   **THE COURT:**  If you plead guilty, you'll also have to

1:49PM   5   give up your right not to incriminate yourself because I will

6   ask you questions about what you did to satisfy myself that

7   you're guilty as charged.  And you will have to admit and

8   acknowledge your guilt.

9   Do you understand that?

1:49PM  10   **THE DEFENDANT:**  Yes.

11   **THE COURT:**  Do you understand each and every one of

12   these rights?

13   **THE DEFENDANT:**  Yes.

14   **THE COURT:**  And, Mr. Brown, are you willing to give up

1:50PM  15   your right to the remainder of this trial, your right to a

16   trial, and the other rights I've just discussed with you?

17   **THE DEFENDANT:**  Yes.

18   **THE COURT:**  And do you understand the charges in the

19   superseding indictment?

1:50PM  20   **THE DEFENDANT:**  I do.

21   **THE COURT:**  And could government counsel please explain

22   the charges and the elements of offenses in question.

23   **MR. FIELD:**  Yes, Judge.

24   So, Count 1 of the indictment alleges a violation of

1:50PM  25   Title 18, United States Code, Section 871(a).

U.S. v. Brown - 19-CR-95

1:50PM  1     It provides that on or about March 25th, 2019, in the

2  Western District of New York and elsewhere, the defendant,

3  Jared Marc Brown, did knowingly and willfully make a threat

4  to take the life of, and to inflict bodily harm upon, the

1:50PM  5  President of the United States, specifically, the defendant

6  sent a letter to the United States -- to United States Secret

7  Service Special Agent Vincent Merlino, in which the defendant

8  wrote "I'm gonna kill Donald Trump with Anthrax when I get

9  out."

1:51PM  10     The maximum possible sentence for this crime is a term

11  of imprisonment of 5 years; a fine of $250,000; a mandatory

12  $100 special assessment; and a term of supervised release of

13  3 years.

14     If the case were to go to trial, the government would be

1:51PM  15  required to prove the following elements of the crime beyond

16  a reasonable doubt:

17     That is, first, that the defendant mailed or wrote the

18  words alleged in the indictment to be a threat to kill, or

19  inflict bodily harm upon, the President of the United States;

1:51PM  20     Second, that these words were, in fact, a threat;

21     And, third, that the defendant made the threat knowingly

22  and willfully.

23     Count 2, Retaliating Against a United States Judge,

24  alleges a violation of Title 18, United States Code,

1:51PM  25  Section 115(a)(1)(B).

U.S. v. Brown - 19-CR-95

1:52PM   1      It alleges that on or about March 25th, 2019, in the

2      Western District of New York, and elsewhere, the defendant,

3      Jared Marc Brown, did threaten to assault and murder United

4      States District Judge Lawrence J. Vilardo with the intent to

1:52PM   5      retaliate against Judge Vilardo on account of the performance

6      of his official duties.

7      The maximum possible sentence for Count 2 authorized by

8      law is a term of imprisonment of 10 years; a fine of

9      $250,000; a mandatory $100 special assessment; and a term of

1:52PM  10      supervised release of 3 years.

11      If the case went to trial, the government would have to

12      prove the following things beyond a reasonable doubt as to

13      Count 2:

14      First, that the defendant threatened to assault or

1:52PM  15      murder United States District Court Judge Lawrence J.

16      Vilardo;

17      Second, that at the time of the alleged threat, Judge

18      Lawrence J. Vilardo was a federal official;

19      And, third, that the defendant acted with the intent to

1:53PM  20      impede, intimidate, interfere with that official with the

21      intent to retaliate against that official on account of the

22      performance of his official duties.

23      Count 3 alleges Retaliating Against a United States

24      Judge's Immediate Family in violation of Title 18, United

1:53PM  25      States Code, Section 115(a)(1)(A).

U.S. v. Brown - 19-CR-95

1:53PM   1          It alleges as follows:

         2          On or about March 25th, 2019, in the Western District of

         3    New York, and elsewhere, the defendant, Jared Marc Brown, did

         4    threaten to assault and murder a member of the immediate

1:53PM   5    family of the United States District Judge Lawrence J.

         6    Vilardo, that is, Judge Vilardo's spouse, with intent to

         7    retaliate against Judge Vilardo on account of the performance

         8    of his official duties.

         9          If convicted of that count, the defendant would face a

1:53PM  10    maximum authorized sentence of a term of imprisonment of

        11    10 years; a fine of $250,000, a $100 mandatory special

        12    assessment; and a term of supervised release of 3 years.

        13          The elements of Count 3 are:

        14          First, that the defendant threatened to assault or

1:54PM  15    murder United States District Court Judge Lawrence J.

        16    Vilardo's spouse;

        17          Second, that at the time of the alleged threat, United

        18    States District Court Judge Vilardo was a federal official;

        19          And, third, that the defendant acted with the intent to

1:54PM  20    retaliate against that official on account of the performance

        21    of his official duties.

        22          Count 4:  Retaliating Against a Federal Law Enforcement

        23    Officer alleges a violation of Title 18, United States Code,

        24    Section 115(a)(1)(B).

1:54PM  25          It alleges as follows:

U.S. v. Brown - 19-CR-95

1:54PM  1      That on or about March 25th, 2019, in the Western

2      District of New York, and elsewhere, the defendant, Jared

3      Marc Brown, did threaten to assault and murder United States

4      Secret Service Special Agent Vincent Merlino, a federal law

1:54PM  5      enforcement officer, with intent to retaliate against Special

6      Agent Merlino on account of the performance of his official

7      duties.

8          If convicted of that count, Count 4, the defendant faces

9      a maximum possible term of imprisonment of 10 years; a fine

1:55PM  10     of $250,000; a mandatory $100 special assessment; and a term

11     of supervised release of 3 years.

12         The elements of Count 4 that the government would have

13     to prove beyond a reasonable doubt at trial include:

14         First, that the defendant threatened to assault or

1:55PM  15     murder United States Secret Service Special Agent Vincent

16     Merlino;

17         Second, that at the time of the threat, Special Agent

18     Vincent Merlino was a federal official;

19         And, third, that the defendant acted with the intent to

1:55PM  20     retaliate against Special Agent Merlino on account of the

21     performance of his official duties.

22         Counts 5, 6 and 7 all allege violations of the same law:

23     Title 18, United States Code, Section 876(c).  I'll read

24     those in a minute.

1:56PM  25         But the maximum possible sentence for each of those

U.S. v. Brown - 19-CR-95

1:56PM  1    counts is a term of imprisonment of 10 years; a fine of

2    $250,000; a mandatory $100 special assessment; and a term of

3    supervised release of 3 years.

4         And the elements that the government would need to prove

1:56PM  5    for each of Counts 5, 6 and 7 beyond a reasonable doubt are:

6         First, that the defendant threatened to injure any

7    person as alleged in the indictment;

8         Second, that the defendant deposited or caused to be

9    deposited in the mail for delivery by the United States

1:56PM 10    Postal Service the communications containing the threats;

11         Third, that the defendant mailed the threat knowingly;

12         And, fourth, that the threat was addressed to a federal

13    judge or to a law enforcement officer.

14         Count 5 alleges on or about March 25th, 2019, in the

1:56PM 15    Western District of New York, and elsewhere, the defendant,

16    Jared Marc Brown, did knowingly and willfully cause to be

17    delivered by the United States Postal Service according to

18    the direction thereon, a communication, postmarked March 20,

19    2019, addressed to United States Secret Service Special Agent

1:57PM 20    Vincent Merlino, a federal law enforcement officer, and

21    containing a threat to injure the President of the United

22    States, United States District Judge Lawrence J. Vilardo,

23    Judge Vilardo's spouse, and Special Agent Vincent Merlino.

24         Count 6 alleges that on or about July 11th, 2019, in the

1:57PM 25    Western District of New York, and elsewhere, the defendant,

U.S. v. Brown - 19-CR-95

1:57PM    1   Jared Marc Brown, did knowingly cause to be delivered by the
          2   United States Postal Service according to the direction
          3   thereon, a communication, postmarked July 9th, 2019,
          4   addressed to United States Secret Service Special Agent
1:57PM    5   Vincent Merlino, a federal law enforcement officer, and
          6   containing a threat to injure the President of the United
          7   States, United States District Judge Lawrence J. Vilardo, and
          8   Special Agent Vincent Merlino.
          9        Count 7 alleges that:
1:57PM   10        On or about November 1, 2019, in the Western District of
         11   New York, and elsewhere, the defendant, Jared Marc Brown, did
         12   knowingly cause to be delivered by the United States Postal
         13   Service according to the direction thereon, a communication,
         14   postmarked October 30, 2019, addressed to United States
1:58PM   15   District Judge Lawrence J. Vilardo, a United States judge,
         16   and containing a threat to injure Judge Vilardo, United
         17   States Secret Service Special Agents Vincent Merlino, Roberta
         18   Kane, and others.
         19        **THE COURT:**  Thank you, Mr. Field.
1:58PM   20        Mr. Brown, do you understand what the government would
         21   have to prove at trial for all seven of these charges?
         22        **THE DEFENDANT:**  I do.
         23        **THE COURT:**  Okay.  And you understand that at trial, the
         24   government's burden of proof is it has to prove it beyond a
1:58PM   25   reasonable doubt?

U.S. v. Brown - 19-CR-95

1:58PM | 1 |     **THE DEFENDANT:**  I do.

2 |     **THE COURT:**  And do you understand the maximum possible

3 | penalties for these crimes that Mr. Field has just described?

4 |     **THE DEFENDANT:**  I do.

1:58PM | 5 |     **THE COURT:**  And do you understand that because you are

6 | pleading guilty to all of these counts, to all seven of these

7 | counts, there could be sentences that are consecutive?  That

8 | means sentences -- that you'd have to complete the sentence

9 | on one count before another count.  They could be ordered to

1:59PM | 10 | be served consecutively, the maximum possible sentence.

11 |     **THE DEFENDANT:**  I understand.

12 |     **THE COURT:**  Okay.  Have you and your attorney talked

13 | about how the advisory Sentencing Guidelines might apply to

14 | your case?

1:59PM | 15 |     **THE DEFENDANT:**  Yes.

16 |     **THE COURT:**  Okay.  And has the government determined --

17 | the government and counsel but I'll ask the government

18 | first -- calculated an estimated Guidelines range?

19 |     **MR. FIELD:**  Yes, your Honor.

1:59PM | 20 |     I would note that in our Pimentel submission dated

21 | March 23rd, 2022, which is document 105 on the docket, the

22 | government performed a calculation.  That government's

23 | position has now modified.

24 |     At this point, the government does not believe that

2:00PM | 25 | Mr. Brown should receive credit for accepting responsibility

U.S. v. Brown - 19-CR-95

2:00PM  1   which would eliminate a proposed, you know, 2-level decrease

2   that was contained in the government's prior Pimentel

3   submission.

4        The net result of that is that, based on the

2:00PM  5   calculations, that he would have a total offense level of 28.

6   His Criminal History Category is VI.

7        And on that basis, there need to be some adjustments

8   made, the most significant one of which, of course, is to the

9   term of imprisonment which becomes 140 months to 175 months.

2:00PM 10       **THE COURT:**  Okay.  And since you've spoken with your

11   attorney about the Sentencing Guidelines, do you understand

12   what Mr. Field has just said is the advisory sentencing

13   Guideline range is what the government believes it is?

14       **THE DEFENDANT:**  (Nodding yes.)

2:00PM 15       **THE COURT:**  And do you understand that I can't determine

16   the advisory Guideline range for your case until I see a

17   presentence report and both your attorney and the government

18   has had an opportunity to respond to the Guidelines

19   recommended by the probation officer?

2:01PM 20       **THE DEFENDANT:**  I understand.

21       **THE COURT:**  So, do you also understand the sentence that

22   I ultimately impose may be different from any estimate that

23   your attorney has given you?

24       **THE DEFENDANT:**  I understand.

2:01PM 25       **THE COURT:**  And do you understand that after a

U.S. v. Brown - 19-CR-95

2:01PM    1    Guidelines range has been determined, I have the authority,

2    in some circumstances, to depart upward or downward from that

3    range, and I can look at other statutory sentencing factors

4    that may result in the imposition of a sentence that's either

2:01PM    5    greater or lesser than the advisory Guideline range?

6           **THE DEFENDANT:** I understand.

7           **THE COURT:** So I may come up with a Guideline range

8    that's either higher than the government's estimate or higher

9    than you expected or lower. At this point I just can't say.

2:01PM    10           **THE DEFENDANT:** I understand.

11           **THE COURT:** Okay. Do you understand the possible -- all

12    the possible consequences of your plea that I've just

13    reviewed with you?

14           **THE DEFENDANT:** Yes.

2:02PM    15           **THE COURT:** And has your lawyer or any United States

16    Attorney or any government agent or anyone else made any

17    promise that you would be treated leniently or any other kind

18    of promise to induce you to plead guilty?

19           **THE DEFENDANT:** No.

2:02PM    20           **THE COURT:** Has anyone threatened you or forced you to

21    plead guilty?

22           **THE DEFENDANT:** No.

23           **THE COURT:** Are you pleading guilty freely and

24    voluntarily?

2:02PM    25           **THE DEFENDANT:** Yes.

U.S. v. Brown - 19-CR-95

2:02PM 1      **THE COURT:**  Has anyone made a promise to you as to what

2       your sentence will be?

3              **THE DEFENDANT:**  No.

4              **THE COURT:**  And do you understand that if your lawyer,

2:02PM 5      or anyone else, attempted to predict what your sentence would

6       be, that their prediction could be wrong?

7              **THE DEFENDANT:**  I understand.

8              **THE COURT:**  Do you understand that no one -- not your

9       lawyer or the government's lawyer -- no one can give you any

2:02PM 10     assurance of what your sentence will be, since I'm going to

11      decide this sentence after I've reviewed the presentence

12      report prepared by the probation department and also reviewed

13      the submissions of your attorney and the government counsel?

14             **THE DEFENDANT:**  I understand.

2:03PM 15     **THE COURT:**  Do you understand that as a result of your

16      guilty plea, you may lose certain valuable civil rights, to

17      the extent you have them now or could otherwise obtain them,

18      such as the right to vote, the right to hold public office,

19      the right to serve on a jury, and the right to possess any

2:03PM 20     kind of firearm?

21             **THE DEFENDANT:**  I understand.

22             **THE COURT:**  And are you currently serving a sentence for

23      another crime?

24             **THE DEFENDANT:**  No, your Honor.

2:03PM 25     **THE COURT:**  Okay.

U.S. v. Brown - 19-CR-95

2:03PM   1          **MR. GREEN:**  The supervised release violation has

         2      expired.

         3          **THE COURT:**  Okay.

         4          **MR. FIELD:**  He's just being held on these charges now,

2:03PM   5      Judge.

         6          **THE COURT:**  Thank you.  I didn't know that.  Okay.

         7          And I understand there's no written plea agreement

         8      entered into in this case; is that correct?

         9          **MR. FIELD:**  That's correct.

2:03PM  10          **MR. GREEN:**  That's correct.

        11          **THE COURT:**  So, Mr. Brown, can you tell me in your own

        12      words what you did that makes you believe that you're guilty

        13      of the crimes charged in the superseding indictment?

        14          **THE DEFENDANT:**  I sent them letters out as a threat to

2:04PM  15      scare the government officials Merlino and Vilardo.

        16          **THE COURT:**  Okay.  And you admit that you sent all three

        17      of the letters that are at issue in this case?

        18          **THE DEFENDANT:**  Yes, your Honor.

        19          **THE COURT:**  Is there any further inquiry the government

2:04PM  20      counsel asks the Court to make with respect to the defendant?

        21          **MR. FIELD:**  Yes, Judge.

        22          I would just -- just to amplify -- maybe follow up and

        23      ask the defendant if he also admits that he sent a threat

        24      that involved killing Donald Trump, as well, which would be

2:04PM  25      the basis for Count 1.  And that, if not, the government

U.S. v. Brown - 19-CR-95

2:04PM   1   obviously would rely on the testimony that was adduced at the

     2   trial to this point to support the factual basis for the plea

     3   that Mr. Brown says he wishes to enter.

     4       THE COURT:  Okay.  And, Mr. Brown, do you admit that you

2:05PM   5   wrote the letter where you threatened to kill Donald Trump

     6   with Anthrax when you get out?

     7       THE DEFENDANT:  Yes, your Honor.

     8       THE COURT:  And, as I understand it, there are three

     9   letters that have been admitted into evidence in this case?

2:05PM  10       MR. FIELD:  That's correct, Judge.

    11       THE COURT:  And, Mr. Brown, you admit that you wrote --

    12   you wrote and mailed all three of those letters?

    13       THE DEFENDANT:  Yes, your Honor.

    14       MR. FIELD:  And then, finally, your Honor, I believe

2:05PM  15   that the defendant should admit that his motive for sending

    16   the letters was to -- at least as to Counts 2, 3, and 4 --

    17   was to retaliate against Judge Vilardo and Vincent Merlino on

    18   the basis of, you know, their earlier involvement with his

    19   2015 prosecution; that is, their official duties.

2:05PM  20       THE COURT:  Yes.  Let me ask you, Mr. Brown:  With

    21   respect to the letters that you wrote regarding your threats

    22   to Judge Vilardo, and also Special Agent Merlino, did you

    23   make those with the intent to retaliate against those

    24   officials because of their performance of their official

2:06PM  25   duties; that is, the investigation and sentencing of you in

U.S. v. Brown - 19-CR-95

2:06PM     1    the prior threat case?

          2       **THE DEFENDANT:** Yes.

          3       **THE COURT:** Okay. And do you acknowledge that the

          4    statements you made, you made them intending them to be a

2:06PM     5    threat or with knowledge that the statements would be viewed

          6    as a threat?

          7       **THE DEFENDANT:** Yes.

          8       **THE COURT:** Anything further on -- with respect to that

          9    colloquy?

2:06PM    10       **MR. FIELD:** I think that's sufficient, Judge.

       11       **THE COURT:** Okay.

       12       **MR. FIELD:** As amplified by the proof at trial.

       13       **THE COURT:** Yes, okay.

       14       And do both counsel agree there's a sufficient factual

2:06PM    15    predicate for a guilty plea?

       16       **MR. FIELD:** Government agrees.

       17       **MR. GREEN:** Yes.

       18       **THE COURT:** Okay. And at this point, I'll ask my

       19    courtroom deputy to take your plea to the superseding

2:07PM    20    indictment.

       21       Let me make sure that you have a copy of the superseding

       22    indictment.

       23       (WHEREUPON, a discussion was held off the record

       24        between courtroom deputy and Judge Sannes.)

2:07PM    25       **THE CLERK:** Count 1, Threat to the President.

U.S. v. Brown - 19-CR-95

2:07PM  1       On or about March 25th, 2019, in the Western District of

2       New York, and elsewhere, the defendant, Jared Marc Brown, did

3       knowingly and willfully make a threat to take the life of,

4       and to inflict bodily harm upon, the President of the United

2:07PM  5       States, specifically, the defendant sent a letter to the

6       United States Secret Service Special Agent Vincent Merlino,

7       in which the defendant wrote, "I'm gonna kill Donald Trump

8       with Anthrax when I get out".

9           How do you plead?

2:08PM  10      **THE DEFENDANT:**  Guilty.

11      **THE CLERK:**  Count 2:  Retaliating Against a United

12      States Judge.

13          On or about March 25th, 2019, in the Western District of

14      New York, and elsewhere, the defendant, Jared Marc Brown, did

2:08PM  15      threaten to assault and murder United States District Judge

16      Lawrence J. Vilardo, with intent to retaliate against Judge

17      Vilardo on account of performance of his official duties.

18          How do you plead?

19      **THE DEFENDANT:**  Guilty.

2:08PM  20      **THE CLERK:**  Count 3:  Retaliating Against a United

21      States Judge's Immediate Family.

22          On or about March 25th, 2019, in the Western District of

23      New York, and elsewhere, the defendant, Jared Marc Brown, did

24      threaten to assault and murder a member of the immediate

2:08PM  25      family of a United States District Judge Lawrence J. Vilardo,

U.S. v. Brown - 19-CR-95

2:08PM    1    that is, Judge Vilardo's spouse, with intent to retaliate

2    against Judge Vilardo, on account of performance of his

3    official duties.

4        How do you plead?

2:09PM    5    **THE DEFENDANT:** Guilty.

6    **THE CLERK:** Count 4: Retaliating Against a Federal Law

7    Enforcement Officer.

8        On or about March 25th, 2019, in the Western District of

9    New York, and elsewhere, the defendant, Jared Marc Brown, did

2:09PM   10    threaten to assault and murder United States Secret Service

11    Special Agent Vincent Merlino, a federal law enforcement

12    officer, with intent to retaliate and against Special Agent

13    Merlino on account of the performance of his official duties.

14        How do you plead?

2:09PM   15    **THE DEFENDANT:** Guilty.

16    **THE CLERK:** Count 5.

17        On or about March 25th, 2019, in the Western District of

18    New York, and elsewhere, the defendant, Jared Marc Brown, did

19    knowingly and willfully cause to be delivered by the United

2:09PM   20    States Postal Service according to the direction thereon, a

21    communication, postmarked March 20th, 2019, addressed to

22    United States Secret Service Special Agent Vincent Merlino, a

23    federal law enforcement officer and containing a threat to

24    injure the President of the United States, United States

2:10PM   25    District Judge Lawrence J. Vilardo, Judge Vilardo's spouse,

U.S. v. Brown - 19-CR-95

2:10PM  1    and Special Agent Vincent Merlino.

2            How do you plead?

3            **THE DEFENDANT:**  Guilty.

4            **THE CLERK:**  Count 6.

2:10PM  5        On or about July 11th, 2019, in the Western District of

6    New York, and elsewhere, the defendant, Jared Marc Brown, did

7    knowingly cause to be delivered by the United States Postal

8    Service according to the direction thereon, a communication,

9    postmarked July 9th, 2019, addressed to United States Secret

2:10PM  10   Service Special Agent Vincent Merlino, a federal law

11   enforcement officer, and containing a threat to injure the

12   President of the United States, United States District Judge

13   Lawrence J. Vilardo, and Special Agent Vincent Merlino.

14           How do you plead?

2:10PM  15           **THE DEFENDANT:**  Guilty.

16           **THE CLERK:**  Count 7:  Mailing Threatening Communication.

17           On or about November 1st, 2019, in the Western District

18   of New York, and elsewhere, the defendant, Jared Marc Brown,

19   did knowingly cause to be delivered by the United States

2:11PM  20   Postal Service according to the direction thereon, a

21   communication, postmarked October 30th, 2019, addressed to

22   United States District Judge Lawrence J. Vilardo, a United

23   States Judge and containing a threat to injure Judge Vilardo,

24   United States Secret Service Special Agents Vincent Merlino

2:11PM  25   and Roberta Kane, and others.

U.S. v. Brown - 19-CR-95

2:11PM   1        How do you plead?

         2        **THE DEFENDANT:**  Guilty.

         3        **THE COURT:**  And, Mr. Green, could you state for the

         4   record your background and experience, particularly with

2:11PM   5   reference to federal criminal sentencing.

         6        **MR. GREEN:**  Gosh, I first started practicing in federal

         7   court in 1989 as the Assistant U.S. Attorney.  Countless

         8   cases of -- the Sentencing Guidelines did exist in those

         9   days, by the way -- so I was involved in countless cases

2:12PM  10   involving Guidelines.

        11        Since 1993, I've been in private practice handling

        12   federal cases -- it's got to be probably close to a hundred

        13   by now -- most of which wind up with experience in the

        14   Sentencing Guidelines.

2:12PM  15        I'm not sure what else...  I like to think I'm

        16   proficient in federal criminal court matters.

        17        **THE COURT:**  Okay, thank you.  And how much time have you

        18   spent with the defendant?

        19        **MR. GREEN:**  Person to person, very little.  As I stated

2:12PM  20   before, the first time I met him -- and as the Court's well

        21   aware, I am second attorney in this matter.

        22        The first time we had a face-to-face, I had already

        23   called the date but it was the date that it was going to be a

        24   plea.  Prior to that time, all of our communications, and

2:13PM  25   since that time prior to trial, have been by telephone.

U.S. v. Brown - 19-CR-95

2:13PM 1     And sometimes I've been able to reach Mr. Brown by

2 telephone.  Sometimes I'm not.  But in the time period

3 between the aborted plea the last time and this trial,

4 probably we were on the phone maybe a half dozen times.

2:13PM 5     **THE DEFENDANT:**  (Nodding yes.)

6     **MR. GREEN:**  Usually lasting anywhere from 45 minutes to

7 an hour 15 in preparation.  And, of course, the last two days

8 we've been in contact as well, too.

9     **THE COURT:**  Okay.  Thank you, Mr. Green.

2:13PM 10     And have you advised Mr. Brown of his rights, of the

11 nature of the charges against him, and the consequences of

12 pleading guilty?

13     **MR. GREEN:**  I have.

14     **THE COURT:**  And do you feel that you've had full

2:13PM 15 discovery in this case?

16     **MR. GREEN:**  I did.

17     **THE COURT:**  Have you made any promises or threats to

18 induce Mr. Brown to plead guilty?

19     **MR. GREEN:**  None.

2:14PM 20     **THE COURT:**  And are you satisfied he's pleading guilty

21 freely and voluntarily, with an understanding of the nature

22 of the charges and the consequences?

23     **MR. GREEN:**  I do.

24     **THE COURT:**  Do you know of any reason why he should not

2:14PM 25 plead guilty?

U.S. v. Brown - 19-CR-95

2:14PM   1          **MR. GREEN:**  No.

         2          **THE COURT:**  Is there anything else either counsel would

         3     like to put on the record?

         4          **MR. FIELD:**  Nothing, your Honor.

2:14PM   5          I would just note the, as your Honor had referred to

         6     previously, there have been three different evaluations by

         7     trained psychologists.  All have determined that he's

         8     competent.  And that while he was represented by prior

         9     counsel, you know, she had withdrawn any objection to the

2:14PM  10     conclusions of those psychologists and agreed that she

        11     thought that he was competent, as well.  And, of course,

        12     Mr. Brown himself had represented that he was competent at

        13     that time.

        14          **THE COURT:**  Yes.  And based upon my observations of his

2:14PM  15     demeanor throughout the trial and my observations of his

        16     demeanor today, I do find that he's competent to enter his

        17     plea of guilty.

        18          Based on my discussions with Mr. Brown, his attorney,

        19     and the Assistant United States Attorney, I find that

2:15PM  20     Mr. Brown has pled guilty voluntarily to the seven charges

        21     in the superseding indictment, that he was competent to enter

        22     a plea and admit to these charges, and that he understands

        23     the charges against him and the consequences of pleading

        24     guilty and that there's a basis in fact for the Court to

2:15PM  25     accept his plea.

U.S. v. Brown - 19-CR-95

2:15PM      1        Mr. Brown, the probation office will want to interview

            2   you in connection with a presentence report that it will

            3   prepare.

            4        If you choose to speak to the probation office, please

2:15PM      5   make sure anything you say is truthful and accurate.  I will

            6   read their report carefully and it's important to me in

            7   deciding what sentence to impose.

            8        You and your attorney have a right to review the report

            9   and comment on it at the time of sentencing.  And I urge you

2:15PM     10   to read it and discuss it with your attorney before

           11   sentencing.

           12        If there are any mistakes in the report, point them out

           13   to your attorney so he can bring them to my attention before

           14   sentencing.

2:16PM     15        At this point I don't have a set date for sentencing but

           16   we will get a date for sentencing and notify counsel of the

           17   sentencing date.

           18        (WHEREUPON, a discussion was held off the record

           19         between Mr. Green and defendant.)

2:16PM     20        **THE COURT:**  And at this point unless there's anything

           21   further, I will order that Mr. Brown be remanded to the

           22   United States Marshal Service pending sentencing and this

           23   case will be concluded and I will go notify the jury that the

           24   case has been resolved.

2:16PM     25        **MR. FIELD:**  Yes, Judge, I agree with that.

U.S. v. Brown - 19-CR-95

2:16PM 1      **MR. GREEN:**  That's fine.

2             **THE COURT:**  Okay.

3             **MS. HARTFORD:**  Your Honor, may I make a request before

4      you do dismiss the jury -- and this is within the Court's

2:16PM 5      discretion, of course -- but I would value an opportunity to

6      speak with any jurors who would be willing to speak with me

7      in order to get feedback about my performance as a trial

8      attorney in this case.

9             **THE COURT:**  I'll be happy to ask them if they would like

2:17PM 10     to speak with you.

11            Also Mr. Green?

12            **MR. GREEN:**  That's okay.

13            **MS. HARTFORD:**  He's got a few more years of experience

14     in trials under his belt than I do.

2:17PM 15            **MR. GREEN:**  I've only gotten pissed off when I talk to

16     juries afterwards so...

17            **THE COURT:**  So Mr. Brown is remanded to the custody of

18     United States Marshal Service.

19            Mr. Brown, please take care of yourself and good luck to

2:17PM 20     you and we'll see you at sentencing.

21            **THE DEFENDANT:**  Yeah.

22            (WHEREUPON, proceedings adjourned.)

23

24

25

U.S. v. Brown - 19-CR-95

1

2                           *           *           *

3                    **CERTIFICATE OF REPORTER**

4

5            In accordance with 28, U.S.C., 753(b), I

6    certify that these original notes are a true and correct

7    record of proceedings in the United States District Court

8    of the Western District of New York before the

9    Honorable Brenda K. Sannes on May 17, 2022.

10

11

12   S/ Diane S. Martens

13   Diane S. Martens, FCRR, RPR
     Official Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25